**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANIEL HICKS** | § | |
| | § | |
| **V.** | § | **A-25-CV-1317-ADA** |
| | § | |
| **WARDEN, FCI BASTROP** | § | |

## ORDER

Before the Court are Daniel Hicks's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (#1) and Respondent's Motion to Dismiss (#9). Petitioner did not respond to the motion to dismiss.

### Background

On March 29, 2021, following his guilty plea, Petitioner was sentenced to 120 months of imprisonment and one year of supervised release for violation of 18 U.S.C. § 1470, attempted transfer of obscene matter to a minor. *USA v. Hicks*, No. 3:19-CR-665-B(1) (N.D. Tex.). At the time he filed his petition for habeas corpus relief, Petitioner was confined by the Bureau of Prisons (BOP) at the Bastrop Federal Correctional Institution. On or about January 29, 2026, Petitioner was transferred to the Dallas Residential Reentry Center (RRC), also known as a halfway house. *See* www.bop.gov/inmateloc

1

(search for Reg. No. 59928-177, last visited Mar. 10, 2026). Petitioner is currently projected to be released on March 28, 2027. *Id.*

Petitioner contends that he earned sufficient FSA time credits entitling him to be transferred to prerelease custody but that he had not been transferred yet. Petitioner seeks an order requiring the BOP to "transfer me to prerelease custody, halfway house, or home confinement, immediately." Pet. (#1) at 7. Elsewhere in his filings with the Court, Petitioner specifically requested that he be transferred to an RRC. *Id.* at 24.

## Discussion and Analysis

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Additionally, Article III of the Constitution limits federal court jurisdiction to "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody . . . an action is

2

moot when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citation omitted).

Petitioner was transferred to an RRC, also known as a halfway house, in January 2026. Petitioner was not transferred to prerelease custody earlier because of a lack of bed space at the RRC prior to January 2026. *See* Resp. Ex. 5 at 7 (#9-5). Now, however, Petitioner has been provided with the relief he requested in his habeas petition. Consequently, there is no further relief that the Court can grant Petitioner and his case is moot. *See Salgado*, 220 F. App'x at 257.

Furthermore, to the extent Petitioner seeks placement in home confinement rather than an RRC, he is not entitled to that relief. Federal law provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). "The BOP—as opposed to the federal courts—is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last." *United States v. Cibrian*, 374 F. App'x 524, 529-30 (5th Cir. 2010). The BOP's designated place of imprisonment "is not reviewable by any court." 18 U.S.C. § 3621(b); *see, e.g., United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995).

The Court concludes that Petitioner's transfer to the RRC mooted his § 2241 petition because he has received the relief he requested in his petition. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition where a petitioner had already received the requested relief). Therefore, the Court dismisses Petitioner's Application for Writ of Habeas Corpus without prejudice as moot.

It is therefore **ORDERED** that the Application for Habeas Corpus Relief under 28 U.S.C. § 2241 (#1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is finally **ORDERED** that all other pending motions are **DISMISSED**.

**SIGNED** on March 10, 2026

_____

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE